UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06-CV-392

CONTINENTAL WESTERN INSURANCE COMPANY                                    PLAINTIFF

v.

WILLIAM WILLIAMS, et. al.,                                                                DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on Defendants All-Pro, Inc., API Services, Inc., Debra A. Koons and Nathan Koons' ("Defendants") Motion to Dismiss (Docket #10). The Plaintiff, Continental Western Insurance Company ("Continental Western"), has responded to that motion (Docket #11). In addition, Defendant Safeco Insurance Co. ("Safeco") has filed a Motion for Summary Judgment addressing similar legal matters (Docket #16). Defendant Hartford Casualty Insurance ("Hartford Casualty") has adopted Safeco's motion for summary judgment (Docket #20). Continental Western has responded to Safeco's Motion for Summary Judgment (Docket #25). Safeco has replied to that response (Docket #27), and Continental Western has filed a sur-reply to Safeco's reply (Docket #32). This matter is now ripe for adjudication. For the following reasons, the Court must **DECLINE TO EXERCISE JURISDICTION** over the Plaintiff's Declaratory Judgment Action. Accordingly, the Defendants' motions are **GRANTED**.

**BACKGROUND**

This matter involves a declaratory judgment action filed by the Plaintiff seeking to determine whether a workers' compensation insurance policy issued by the Plaintiff to Defendant All-Pro, Inc., which is owned and operated by Defendants Debra and Nathan Koons, covers an accident sustained by Defendant William Williams ("Williams") in Kentucky and/or

requires the Plaintiff to defend Williams' claims against All-Pro, Inc. for workers' compensation. The Plaintiff issued a policy of Indiana workers' compensation insurance to an Indiana sole proprietorship, Debra Koons, d/b/a API Services, Inc., in March 2005. On July 20, 2005, Williams was injured in the course of his employment with All-Pro, Inc. ("All-Pro"), a Kentucky corporation.

After sustaining his injuries, Williams filed a workers' compensation claim with the Kentucky Office of Workers' Claims against All-Pro. In addition, Williams has also filed a personal injury claim in Jefferson Circuit Court against Defendants PJ Food Service, Inc., Papa John's International, Inc., All-Pro and API Services, Inc. The Plaintiff, Continental Western, has been joined as a defendant in the workers' compensation action.

On August 10, 2006, Continental Western filed a complaint in this Court against the named Defendants seeking a declaratory judgment on the issue of insurance coverage arising under its policy with Debra Koons, d/b/a API Services, Inc. The motion to dismiss in this matter was filed on November 2, 2006, while the Motion for Summary Judgment was filed on December 8, 2006. However, the Administrative Law Judge assigned to the workers' compensation claim, John W. Thacker ("ALJ Thacker"), made a determination on January 5, 2007, which found that under the terms of the policy Continental Western shall pay workers' compensation income and benefits to the Plaintiff beginning on the date of the order. The instant matter was reassigned to this Court on January 30, 2007.

The Plaintiff wishes this Court to determine whether ALJ Thacker has subject matter jurisdiction to review whether the policy issued by the Plaintiff to Debra Koons, d/b/a API Services, Inc. ("API Services") requires Continental Western to cover and/or defend the claim in

Kentucky.  The Defendants wish to dismiss the declaratory judgment, arguing that the ALJ has considered this issue, and therefore, the Plaintiff cannot seek declaratory relief in this Court.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss.  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).  A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

When determining whether a case is appropriate for declaratory judgment, the Sixth Circuit Court of Appeals mandates that district courts consider five (5) factors, which include:

(1) whether the judgment would settle the controversy;
(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
(4) whether the use of a declaratory action would increase the friction between our

>federal and state courts and improperly encroach on state jurisdiction; and
>(5) whether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004)("*Bituminous*")(citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)). The Court shall address each of these factors individually.

### 1. Whether the Judgment would Settle the Controversy

In *Bituminous*, the Court examined whether the federal district court should have considered a declaratory judgment action filed by an insurer against an insured regarding whether or not the plaintiff in the underlying state court personal injury action was an employee of the insured. *Bituminous*, 373 F.3d at 813.  At the time the district court considered the declaratory judgment, the status of the plaintiff's employment was being considered by two (2) independent state courts; the Ohio County Circuit Court and the Kentucky Department of Workers' Claims. *Id.*  Prior to the final decision issued by the district court, both state courts determined that the plaintiff was not an employee of the insured; however, the district court determined that he was an employee. *Id.* at 814.  The Court in *Bituminous* held that the district court's finding that the plaintiff was an employee did not settle the controversy because it complicated the underlying issues of liability due to the fact that its decision reached a different conclusion than the two (2) state court proceedings. *Id.*

In the instant matter, if the Court held that ALJ Thacker did not have jurisdiction to review the terms of policy because they arose under a contractual and not compensatory basis, it would go counter to his order and decision of January 5, 2007, where he has already determined that Continental Western should provide coverage to Williams under the policy.  Although this matter is distinguishable from *Bituminous*, in that the plaintiff in the underlying action is a party

5

to this declaratory judgment action and only one (1) state court has reached a decision on the legal matter, the Administrative Law Judge has still made a decision.  Similar to *Bituminous*, should this Court make a finding contrary to that decision the Court would complicate the underlying issues of liability through inconsistent judgments.  A holding by this Court that the ALJ does not have jurisdiction would not resolve the controversy, but would instead further the dispute between the parties.

In addition, the Court understands that several parties involved in the underlying workers' compensation claim have filed motions for the ALJ to reconsider the January 5, 2007 decision, including Continental Western.  Likewise, whether the ALJ had jurisdiction can certainly be raised in that proceeding.  At this time, the Court feels that a decision regarding the jurisdiction of the ALJ while the ALJ is reconsidering these motions would not help in resolving the controversy between the parties or promote comity between the state and federal court.  Accordingly, the Court finds that the first factor does not weigh in favor of the Court considering the Plaintiff's petition for declaratory judgment.

## 2. Whether the Declaratory Judgment Action would Serve a Useful Purpose in Clarifying the Legal Relations at Issue

In *Bituminous*, the Court held that a declaratory judgment action would not clarify the legal relations between the parties because even after the district court reached its decision, the legal relationship between the employer and employee was not clear in the underlying state action. *Bituminous* at 814.  In reaching this holding, the Court in *Bituminous* emphasized that the employment status of Shields, the employee in that matter, was not resolved by the declaratory judgment because of the contrary state court decisions, and that an adverse judgment

against the employer in the state court action could still leave the insurer liable to the employee if Shields filed a collection suit against the insurer. *Id.*

Here, ALJ Thacker has made a decision that Continental Western should provide coverage to Williams, which means that a ruling by this Court that challenges that decision would not resolve the legal relations between the parties because Williams would not know with certainty whether the policy issued to API Services by Continental Western provides coverage to him. Here, as in *Bituminous*, two (2) contrary judicial decisions at the state and federal levels would cause confusion regarding the liability of the parties and would not bring about a swift resolution. Accordingly, the Court finds that the second factor does not weigh in favor of the Court considering the Plaintiff's petition for declaratory judgment.

### 3. Whether the Declaratory Remedy is being used merely for the Purpose of "Procedural Fencing" or "to provide an Arena for a Race for Res Judicata"

Similar to *Bituminous*, there is no indication that Continental Western appears to be forum shopping. The Plaintiff filed this declaratory judgment action well before ALJ Thacker made his decision on January 5, 2007, and no state circuit court has made a decision on this matter. Accordingly, the Court finds that the third factor weighs in favor of the Court considering the Plaintiff's petition for declaratory judgment.

### 4. Whether the use of a Declaratory Action would increase the Friction between our Federal and State Courts and Improperly Encroach on State Jurisdiction

In *Bituminous*, the Court stated that there are three additional factors district courts should consider when determining whether a declaratory judgment action would increase friction between federal and state courts. These include:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous* at 814-15 (quoting *Scottsdale*, 211 F.3d at 968). The Court shall address each of these additional factors individually.

### *Whether the Underlying Factual Issues are Important to an Informed Resolution of the Case*

Here, similar to *Bituminous*, where the same factual and legal issues in front of the district court were also before both state courts, the matter before the Court involves a issue concerning the coverage of the policy and the jurisdiction of the ALJ. *Bituminous* at 815. The ALJ has addressed these factual matters in his January 5, 2007 decision. As such, the Court would have to consider the same underlying factual issues already considered by ALJ Thacker in order to make an informed decision on the declaratory judgment. Accordingly, the underlying factual issues are important to an informed resolution of the case.

### *Whether the State Trial Court is in a Better Position to Evaluate those Factual Issues than is the Federal Court*

Similar to *Bituminous*, where the Court held that "the issue of the insurance contract interpretation [is a] question...of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve," the Court believes the same reasoning applies to the instant matter. *Bituminous* at 815. Here, both the ALJ and Jefferson Circuit Court are in a better position to evaluate the factual issues regarding an interpretation of the policy between Continental Western and API Services. Likewise, the state court is in a better position to

determine the jurisdiction of an ALJ. Accordingly, the state trial court is in a better position to evaluate the issues related to the terms of the policy.

### *Whether there is a Close Nexus Between the Underlying Factual and Legal Issues and State Law and/or Public Policy, or whether Federal Common or Statutory Law dictates a Resolution of the Declaratory Judgment Action*

Similar to *Bituminous*, this action comes before the Court "pursuant to the federal courts' diversity jurisdiction and neither federal common law nor federal statutory law apply to the substantive issues of the case." *Id.* at 816. In *Bituminous*, the Court found that there was a close nexus between the state courts and state law, reasoning:

> [t]he state courts were in a better position to evaluate the factual issues because they rested solely on state law with which the state courts are better acquainted. Furthermore, resolution of the declaratory judgment action required consideration of two undetermined questions of state law and did not involve the application of any federal law.

*Id.* Here, as in *Bituminous*, the only issues before the Court are state law matters, which the state courts are better acquainted. Additionally, the resolution of the declaratory judgment action would not involve any application of federal law. Accordingly, there is a close nexus between the state courts and state law in this matter.

As all three (3) of the additional factors weigh in favor of not considering the declaratory judgment action, the Court finds that this factor weighs in favor of the Court not exercising jurisdiction over the declaratory judgment action, as a contrary ruling to the ALJ decision would create friction between the state court and this Court.

### 5. Whether there is an Alternative Remedy that is Better or More Effective

There are several alternative remedies available to the Plaintiff that would be better and

more effective rather than pursuing this declaratory judgment action.  The Plaintiff has already filed a motion with ALJ Thacker to reconsider his January 5, 2007 decision that is pending before the ALJ.  If the ALJ should deny that motion the Plaintiff may appeal that decision through the channels available under workers' compensation law, with the matter possibly going before the Kentucky Court of Appeals.  In addition, the Plaintiff may join the Jefferson Circuit Court action to have its rights determined by that court prior to the litigation of the personal injury claim filed by Williams.  These remedies seem more appropriate in this situation because a ruling on this matter by the ALJ has already taken place.  By issuing an order contrary to ALJ Thacker this Court would not resolve the legal disputes between the parties, but would only create more controversy.  Accordingly, the Court finds that the fifth factor does not weigh in favor of the Court considering the Plaintiff's petition for declaratory judgment.

In looking collectively at five (5) factors set out by the Court in *Bituminous*, the Court finds that these factors weigh in favor of the Court not considering the declaratory judgment action filed by the Plaintiff.  Four (4) out of the five (5) factors support abstention by the Court on this matter.  Although the Court recognizes that the Plaintiff may have a legitimate issue to present before the Court, the Court believes that a ruling contrary to the decision issued by ALJ Thacker and the fact that the state courts are in a better position to determine this matter weigh in favor of the Court not exercising jurisdiction over this declaratory judgment action.

## CONCLUSION

**IT IS SO ORDERED:**

The Court must **DECLINE TO EXERCISE JURISDICTION** over the Plaintiff's Declaratory Judgment Action.  Accordingly, the Defendants' motions (Dockets #10, #16, and

#20) are **GRANTED**.

11